Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4625 | **DATE** | August 31, 2011 |
| **CASE TITLE** | Jack Mann (#22865-424) v. Dr. Harvey, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#8] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $84.02 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Metropolitan Correctional Center. However, Defendant Bureau of Prisons is dismissed as a Defendant. The Clerk shall issue summons to the Defendant Dr. Harvey and the U.S. Marshal is directed to serve him. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ [For further details see text below.] Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate presently in federal custody at the Metropolitan Correctional Center in Chicago, has brought this *pro se* civil rights action pursuant to 28 U.S.C. 1331(a) and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Plaintiff claims that Defendants, the Federal Bureau of Prisons, violated Plaintiff's constitutional rights by being deliberately indifferent to an ongoing serious medical need. More specifically, Plaintiff alleges that he has requested medical treatment for a previous traumatic brain injury. While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $84.02. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against all Defendants. *See Davis v. Carter*, 452 F.3d 686, 696 (7th Cir. 2006).

However, the Federal Bureau of Prisons is not a proper Defendant to a *Bivens* action. The United States is not a proper defendant under *Bivens*. "The point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States." *Sterling v. United States*,
**(CONTINUED)**

AWL

| STATEMENT |
|---|

85 F.3d 1225, 1228-29 (7th Cir. 1996); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994); *see also Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003). Accordingly, Defendant Federal Bureau of Prisons is dismissed from the complaint.

The Clerk shall issue summons for service of the complaint on Defendant Dr. Harvey. (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Federal Bureau of Prisons or the Metropolitan Correctional Center shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has filed a motion for appointment of counsel. Plaintiff's motion is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must consider: (1) whether, given the degree of difficulty of the case, a plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656, *relying on Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. While Plaintiff has alleged a physical injury that might preclude him from adequately investigating the facts giving rise to his complaint, he has adequately stated a cause of action, and appears to have the presence of mind and mental ability to pursue his claims. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary.

As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for Plaintiff at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.