# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JACK MANN (#22865-424), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11 C 4625 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| DR. HARVEY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, a federal prisoner formerly housed at the Chicago Metropolitan Correctional Center (MCC), brought a *pro se* action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). The plaintiff brings suit against Dr. Paul Harvey, a physician at the MCC, whom the plaintiff represents to be the Regional Medical Director of the Federal Bureau of Prisons. The plaintiff alleges that Dr. Harvey refused to prescribe Provigil for him because it is not on the Bureau of Prisons' formulary list. The plaintiff had been prescribed Provigil prior to incarceration for the collateral effects of a traumatic brain injury.

Before the court is the defendant's motion to dismiss [#19], brought pursuant to Fed. R. Civ. P. 12(b)(1). The defendant argues that because he is employed by the United States Public Health Service, he is entitled to absolute immunity pursuant to 42 U.S.C. § 233(a). For the reasons contained in this opinion, the defendant's motion is denied.

## STANDARD OF REVIEW

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less

stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995); *In re Chicago, Rock Island & Pac. R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). The standard for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction differs from a Rule 12(b)(6) motion only in that the court is not limited to the jurisdictional contentions asserted in the complaint, but may consider other evidence submitted to determine whether subject matter jurisdiction exists. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995); *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996); *Johnson v. Orr*, No. 07 C 5900, 2007 U.S. Dist. LEXIS 93150, *5 (N.D. Ill. Dec. 19, 2007) (Andersen, J.).

When considering challenges to the court's subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional

2

requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987).

## FACTUAL BACKGROUND

The plaintiff alleges that prior to his incarceration, he suffered a traumatic brain injury. He also alleges that prior to incarceration, various doctors prescribed Provigil for him to assist his cognitive function and to prevent him from suffering bouts of drowsiness and sleeping during waking hours. When not taking Provigil, the plaintiff alleges additionally that he suffers from depression.

The plaintiff alleges that when he arrived at the MCC, FBI Agent Alcoke brought his prescription for Provigil with him, but the plaintiff was not allowed to keep the medication. The plaintiff requested that Defendant Harvey prescribe Provigil for him, and Defendant Harvey refused, stating that Provigil was not in the formulary list kept by the Federal Bureau of Prisons. The plaintiff also alleges in his response to the defendant's motion to dismiss that when he asked Dr. Harvey to prescribe the medication for him, Dr. Harvey sighed, rolled his eyes, answered him in curt responses and dismissed him after no more than five minutes. The plaintiff contends that Dr. Harvey's behavior indicated an animus toward him.

The plaintiff alleges that Defendant Harvey's refusal to prescribe the drug for him constitutes gross negligence and, due to the defendant's refusal to treat him, he suffered from depression and decreased cognitive function. In his response to the defendant's motion to dismiss, the plaintiff alleges that once he was transferred to Milan, FCI, Dr. Malatinski prescribed Provigil for him.

# ANALYSIS

The defendant argues in his motion that because he is employed by the United States Public Health Service, he is entitled to absolute immunity pursuant to 42 U.S.C. § 233(a) and supports his motion with an affidavit by Captain Ben Brown, the Commissioned Corps Liaison for the Health Services Division of the Federal Bureau of Prisons. Captain Brown states that Dr. Harvey was a Public Health Services official during the time alleged in the plaintiff's suit. The plaintiff argues in response that Dr. Harvey's alleged actions were not within the scope of his employment because he acted with a specific animus toward him.

Pursuant to 42 U.S.C. § 233(a), a suit against the government under the FTCA is the exclusive remedy for a claim against a member of the Public Health Service (PHS) involving the performance of medical or related functions within the scope of the PHS member's employment, including treatment of or failure to treat an inmate. *Hui v. Castaneda*, 130 S. Ct. 1845, 1851, 176 L. Ed. 2d 703 (2010). Federal law governs whether a federal employee was acting within the scope of his employment, *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 435 (1995), but a federal court looks to the law of the state where the alleged acts took place, in this case Illinois. *See Rappe v. Harvey*, Case No. 10 C 4636, 2011 U.S. Dist. LEXIS 122462 (N.D. Ill.) (Kennelly, J.)

Illinois cases indicate that, when a government employee acts out of personal animosity toward an injured party, the employee's acts may be outside the scope of his government employment. *See Id.*; *citing Sellers v. Rudert*, 395 Ill. App. 3d 1041, 1047, 918 N.E.2d 586, 592, 335 Ill. Dec. 241 (2009); *Nikelly v. Stubing*, 204 Ill. App. 3d 870, 876, 562 N.E.2d 360, 364, 149 Ill. Dec. 896 (1990). The plaintiff has alleged sufficient facts to invoke this apparent rule. His allegations that Dr. Harvey repeatedly overruled, cancelled, or

4

ignored treatment prescribed by other physicians might not be enough by themselves, but the plaintiff also alleges that Dr. Harvey displayed a demeanor indicating that he was indifferent to his suffering, treating him with disdain and contempt. That allegation gives rise to a viable claim of personal animus. The court makes no finding, of course, that what the plaintiff alleges is true. At the motion to dismiss stage, however, the court is required to take the plaintiff's factual allegations as true. And even though the hurdle established by *Sellers* and other Illinois cases may be quite difficult for the plaintiff to clear, his allegations entitle him to an opportunity to try.

The court denies the defendant's motion to dismiss and notes that the plaintiff may also have a claim against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346 (hereinafter, "FTCA"). The plaintiff represents in his complaint that he has exhausted the administrative appeals process in his attempts to resolve the issue he raises in his complaint. While the defendant represents in his motion that the court previously dismissed the United States as a defendant, the only defendant dismissed in the court's initial review order of August 31, 2011 was the Federal Bureau of Prisons (as an inappropriate defendant to a *Bivens* action). The court therefore grants the plaintiff thirty days to submit an amended complaint to add an FTCA claim against the United States if he has exhausted his administrative remedies. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106 (1993). The Clerk is directed to forward the plaintiff an amended complaint form and the instructions for filing. The defendant shall be required to answer once the court has determined whether the plaintiff intends to file an amended complaint.

5

## CONCLUSION AND ORDER

For the foregoing reasons, the defendant's motion to dismiss [#19] is denied. The plaintiff may amend his complaint within 30 days of the date of this order to add an FTCA claim against the United States to the extent that he has exhausted his administrative remedies. *See* 28 U.S.C. § 2675; *McNeil v. United States*, 508 U.S. 106 (1993). The defendant's answer shall be due once the plaintiff has submitted an amended complaint, if he chooses to do so. This matter is set for a status hearing on August 21, 2012 at 8:30 a.m.

Dated: June 27, 2012

_____
Joan H. Lefkow
United States District Court Judge