# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4625 | **DATE** | 5/22/2013 |
| **CASE TITLE** | Mann vs. Harvey | | |

**DOCKET ENTRY TEXT**

Plaintiff's objections [85] to the magistrate judge's rulings during telephone conference on 1/28/2013 are overruled. Plaintiff's request for clarification concerning his FTCA claim is granted as explained below. Plaintiff shall by June 30, 2013, respond to the pending motion for summary judgment in compliance with Local Rule 56.1(b). Defendant may file a reply by July 15, 2013.

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

On January 28, 2013, Magistrate Judge Jeffrey Cole held a status hearing, at which Jack Mann, plaintiff, also a prisoner, appeared by telephone. The magistrate judge's order reflects, as pertinent here, that he required plaintiff to choose either to take the defendant's, Dr. Paul T. Harvey's, deposition or to have Dr. Harvey answer previously served interrogatories (101). The magistrate judge also limited discovery to issues raised in defendant's motion for summary judgment and denied an oral motion to compel production requests 1-8 and 10 as not relevant under Fed. R. Civ. P. 26. Plaintiff has filed objections (a) to the magistrate judge's requirement that he choose between a deposition and interrogatories, and (b) to his acceptance of the defendant's representation that the district court had stricken plaintiff's Federal Tort Claims Act claim and dismissed the United States as a defendant, a determination that bears on the scope of relevant discovery.

The legal principles applicable to review of discovery rulings of magistrate judges are succinctly summarized in *Webb* v. *CBS Broadcasting, Inc.*, No. 08 C 6241, 2011 WL 842743, at *2 (N.D. Ill. Mar 8, 2011) (internal citations and quotation marks omitted):

> A district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 72(a), a district judge may set aside a magistrate judge's ruling on a non-dispositive motion if the order is clearly erroneous or contrary to law. The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. In general, under the clearly erroneous standard, if there are two permissible views of the facts, a district court's choice between them cannot be clearly erroneous.

The first issue can be readily resolved. Plaintiff's objections to the magistrate judge's direction that plaintiff choose between a deposition or responses to interrogatories is neither clearly erroneous nor contrary to law.

**STATEMENT**

Plaintiff's interrogatories pose questions that are typical of deposition questions. At the status hearing before this court on January 31, 2013, which was after the magistrate judge had ruled, the court advised plaintiff that the court had discretion to manage discovery and directed plaintiff to choose between a deposition and interrogatories. *See* Fed. R. Civ. P. 26(b)(2)(c). Plaintiff wisely elected to conduct a deposition. Whether that deposition occurred is not of record. Regardless, the objection to the magistrate judge's requirement that plaintiff make a choice is overruled.

The second issue is more complicated. The background of the objection is that on June 27, 2012, this court gave plaintiff leave to file within 30 days an amended complaint asserting an FTCA claim against the United States, if he had exhausted his administrative remedies. See Mem. Opinion and Order of June 27, 2012 (27). Plaintiff did not file an amended complaint at that time but apparently did file an administrative claim for damages under the FTCA, as reflected by a document in the case file (38) indicating that plaintiff's claim was received by the Bureau of Prisons on June 29, 2012. On August 20, 2012, this court denied plaintiff's motions for leave to amend his complaint to add an FTCA claim because his administrative remedies were not yet exhausted (42). On August 31, this court struck a proposed second amended complaint in light of the August 20 order (44). Then, on September 6, 2012, the Bureau of Prisons denied plaintiff's claim (47, Exhibit). That denial allowed plaintiff six months to file a law suit under the FTCA.

Meanwhile, on July 26, 2012, Dr. Harvey filed a motion to alter or amend or, in the alternative, for summary judgment (33). The court denied the motion to alter or amend (42). The motion for summary judgment remains pending, however. The basis of the motion is that there is no genuine issue of material fact that Dr. Harvey was at all relevant times an employee of the United States Public Health Service acting within the scope of his employment under applicable law and is therefore absolutely immune from liability or damages under *Bivens*.

Plaintiff on September 17, 2012, filed a "Second Amended Complaint" (47) in which he "prays the court will now amend this case to add the FTCA Claim as well as the United States of America as a Defendant." Thus, although captioned as a second amended complaint, the document is in the nature of a motion for leave to file a second amended complaint adding an FTCA claim against the United States to his *Bivens* claim against Dr. Harvey. Because the document was not identified as a motion, it was not flagged on the court's docket as pending for decision. Based on this account of the record, it appears that plaintiff may, in fact, have a timely FTCA claim. The magistrate judge may have been misinformed as to the state of the record, which is confusing at best, leading him to limit discovery to the motion for summary judgment.

This determination, however, is not prejudicial to plaintiff because the threshold issue of fact on both the *Bivens* claim and the FTCA claim is whether Dr. Harvey was acting within the scope of his employment when he treated plaintiff. Plaintiff faces a conundrum because his two claims require opposite proofs: if, as set out in Dr. Harvey's motion for summary judgment, he was acting within the scope of his employment while treating plaintiff, he is absolutely immune from liability for alleged malpractice under 42 U.S.C. § 233(a). *See also Hui* v. *Castaneda*, 559 U.S. 799, 130 S. Ct. 1845, 1852, 176 L. Ed. 2d 703 (2010). Any claim arising from malpractice occurring within the scope of Dr. Harvey's employment would be under the FTCA and against the United States. Dr. Harvey was acting within the scope of his employment if (a) he was performing work of the kind he was employed to perform; (b) the alleged wrongdoing occurred substantially within the authorized time and space limits of his employment; and (c) it was actuated, at least in part, by a purpose to serve the employer. *See Taboas* v. *Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998) (quoting *Pyne* v. *Witmer*, 543 N.E. 2d 1304, 1308, 129 Ill. 2d 351, 135 Ill. Dec. 557 (1989)). If, however, Dr. Harvey was acting outside the scope of employment, then plaintiff's law suit is against Dr. Harvey and *Bivens* would be his only avenue of relief.

In order to move forward in this case, the court will rule on Dr. Harvey's motion for summary judgment. If that motion is granted, plaintiff will be given leave to file an amended complaint asserting an FTCA claim if

**STATEMENT**

the state of the record suggests that he can still do so in good faith.