# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JACK MANN (#22865-424), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 C 4625 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a federal prisoner presently in custody at Milan-FCI, brought this *pro se* civil rights action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Plaintiff's *Bivens* action was dismissed by the court on summary judgment, but Plaintiff was granted leave to submit a proposed amended complaint stating a claim under the Federal Tort Claims Act, 28 U.S.C. § 1346 (hereinafter, "FTCA"), to the extent there was no legal reason barring him from doing so.

Plaintiff has submitted a proposed amended complaint [132] alleging that Dr. Harvey, whom the plaintiff represents to be the Regional Medical Director of the Federal Bureau of Prisons, was negligent in his medical treatment of Plaintiff. More specifically, Plaintiff alleges that Dr. Harvey refused to prescribe Provigil for him because it is not on the Bureau of Prisons' formulary list, a refusal that breached the duty of care and caused Plaintiff injury. Plaintiff had been prescribed Provigil prior to incarceration for the collateral effects of a traumatic brain injury.

This matter is before the court for ruling on the United States' motion to dismiss for failure to exhaust administrative remedies prior to filing suit [139] and Plaintiff's motion for default [138]. For the reasons stated in this order, both motions are denied.

## **LEGAL STANDARDS**

*Pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, Inc., 536 F.3d 663, 667 (7th Cir. 2008).

At the same time, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546. Put differently, a complaint must contain sufficient factual content "to allow the court 'to draw a reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston v. Board of Trs. of Univ. of Ill. at Chicago*, 741 F.3d 769, 772 (7th Cir. 2013) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). *See Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004) (To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place.").

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013). The court views all facts—as well as any inferences reasonably drawn therefrom—in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614

F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.*, 550 U.S. at 563 (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

## BACKGROUND

Defendant's motion to dismiss focuses on a narrow question. Defendant argues that because Plaintiff exhausted his administrative remedies for purposes of pursuing an FTCA claim after he filed his *Bivens* complaint he is barred from pursuing his FTCA claim now. Plaintiff filed his *Bivens* complaint on July 8, 2011, On June 27, 2012, the court denied Defendant's motion to dismiss and invited Plaintiff to submit a proposed amended complaint to add the United States as a defendant and to add a claim under the FTCA, to the extent he had exhausted his administrative remedies.

Plaintiff did not file a proposed amended complaint at that time but pursued discovery related to a possible FTCA claim, and on June 29, 2012 he began the process to exhaust his administrative remedies. When Plaintiff attempted to submit a proposed amended complaint, the court, on August 20, 2012, entered an order denying Plaintiff leave to amend his complaint based on a failure to exhaust at that time. On August 31, 2012, the court struck Plaintiff's proposed second amended complaint. Meanwhile, on July 26, 2012, Defendant Harvey filed a motion for summary judgment on the *Bivens* complaint on the basis that he is absolutely immune from suit under 42 U.S.C. § 233(a).

Plaintiff's administrative claim was denied on September 9, 2012, and he submitted a proposed second amended complaint on September 17, 2012. Due to a docketing error, the proposed second amended complaint was not reviewed by the court until May 22, 2013.

On May 22, 2013, the court clarified its order denying Plaintiff leave to amend to state a claim pursuant to FTCA in September of 2012, stating:

> Plaintiff faces a conundrum because his two claims require opposite proofs: if, as set out in Dr. Harvey's motion for summary judgment, he was acting within the scope of his employment while treating plaintiff, he is absolutely immune from liability for alleged malpractice under 42 U.S.C. §233(a). *See also Hui v. Castaneda*, 559 U.S. 799 (2010). Any claim arising from malpractice occurring within the scope of Dr. Harvey's employment would be under the FTCA and against the United States. Dr. Harvey was acting within the scope of his employment if (a) he was performing work of the kind he was employed to perform; (b) the alleged wrongdoing occurred substantially within the authorized time and space limits of his employment; and (c) it was actuated, at least in part, by a purpose to serve the employer. *See Taboas v. Mlynczak*, 149 F.3d 576, 582 (7th Cir. 1998) (*quoting Pyne v. Witmer*, 543 N.E. 2d 1304, 1308, 129 Ill. 2d 351, 135 Ill. Dec. 557 (1989)). If, however, Dr. Harvey was acting outside the scope of employment, then plaintiff's law suit is against Dr. Harvey and *Bivens* would be his only avenue of relief.

The court then instructed the parties that it would rule on the pending motion for summary judgment and, if it granted the motion, dismissing Plaintiff's *Bivens* action, it would grant Plaintiff leave to submit an amended complaint asserting a claim under the FTCA.

The court granted Defendant's motion for summary judgment on November 26, 2013. Plaintiff sought an extension of time in which to submit his proposed amended complaint, which the court granted, and Plaintiff submitted his proposed amended complaint alleging a claim under the FTCA on January 22, 2014. Defendant now seeks dismissal pursuant to *McNeill v. United States*, 508 U.S. 106, 112-13 (1993).

## ANALYSIS

Plaintiff's motion for default can be readily denied because Plaintiff has submitted an untimely motion for default, which he concedes in his response to the motion to dismiss. As such, the motion is without merit.

With respect to Defendant's motion to dismiss, Defendant argues that Plaintiff may not pursue any FTCA claim now because he originally filed suit in July of 2011 and did not exhaust his administrative remedies until September 6, 2012. In support of its argument, Defendant cites to *McNeill v. United States*, 508 U.S. 106 (1993) and *Kaba v. Stepp*, 458 F.3d 678 (7th Cir. 2006). Both cases held that a lawsuit filed before the federal agency finally denies the claim is premature and must be dismissed. *Kaba*, 458 F.3d at 688; *citing McNeill*, 508 U.S. 112-13. However, in *McNeill* the suit filed by the plaintiff contained a claim against the United States under the FTCA for money damages. *McNeill*, 508 U.S. at 108. In other words, unlike in the present case, McNeill initiated suit under the FTCA prior to exhausting his administrative remedies as required. By contrast, Plaintiff here has never successfully put an FTCA claim before the court and, when Plaintiff attempted on multiple occasions to amend to state an FTCA claim, the court instructed Plaintiff to wait until the motion for summary judgment on the *Bivens* claim was resolved. On September 17, 2012, after his administrative claim was denied, Plaintiff again attempted to file a second amended complaint, but the court again denied leave to file until after Defendant's pending motion for summary judgment on the existing *Bivens* claim was resolved. The court also notes that Defendant Harvey argued in his motion for summary judgment that the only claim entitling Plaintiff to relief on this case is one brought under the FTCA. (See Defendant's motion for summary judgment ECF #33 at p. 3). The court specifically stated that once the motion for summary judgment was resolved, Plaintiff would be

granted leave to amend to make an FTCA claim. Once the court granted the motion for summary judgment, Plaintiff, pursuant to the court's direction, submitted his amended complaint stating an FTCA claim.

In *Kaba*, the court declined to allow the plaintiff to submit a proposed amended complaint. 458 F3d. at 688. In this case, the court *instructed* Plaintiff not to submit his proposed amended complaint *until* the court had resolved the motion for summary judgment. Thus, *Kaba* presents a different and distinguishable procedural history in that, unlike in *Kaba,* the court's refusal to allow the amended complaint should toll the running of the statute of limitations. To rule otherwise would be patently unfair to Plaintiff and counter to the interest of justice. See Rule 1, Fed. R. Civ. P.

Additionally, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." FED. R. CIV. P. 15(a). Even after a responsive pleading has been served, a party may amend its pleading by leave of the court, "and leave shall be freely given when justice so requires." *Id*. "It is, by now, axiomatic that district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim." *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

The court expressly gave Plaintiff leave to submit his proposed amended complaint in this case in its order granting summary judgment. Plaintiff did so in a timely manner. Accordingly, Defendant's motion will be denied.

## CONCLUSION

Defendant's motion to dismiss [139] is denied. Plaintiff's motion for default [138] is denied. The Clerk is directed to substitute the United States of America as Defendant for all other named Defendants in the caption. Defendant shall file its answer to Plaintiff's amended complaint stating an FTCA claim by December 1, 2014. This matter is set for status on December 16, 2014 at 11:30 a.m. Defendant shall arrange for plaintiff to appear by telephone and bring a contact phone number to court on December 16, 2014.

Date: October 30, 2014          Enter: _____
                                       JOAN H. LEFKOW
                                       United States District Judge