FILED

EW

OCT 23 2015

10-23-15 EHA
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

JACK MANN,
          Plaintiff,                    No: 11 c 4625

v.

UNITED STATES OF AMERICA,
          Defendant.

MOTION FOR JUDGMENT IN FAVOR OF PLAINTIFF
DUE TO DEFENDANT'S FAILURE TO RESPOND TO
THIS COURT'S ORDER IN LIGHT OF NEWLY
DISCOVERED EVIDENCE PURSUANT TO FED.R.CRIM.P.60(b)(2)

NOW COMES, Plaintiff Jack Mann, pro-se, (hereinafter 'Mann'),

with the above named Motion, and in support thereof, states as follows:

1.  Mann's above case number was dismissed without prejudice in

order to allow him to file a Rule 60(b)(2) in the event that he

was able to gain a Certificate of Merit.

2.  Mann was able to gain a Certificate of Merit.  Mann had been

granted counsel for the limited scope of assisting Mann in obtaining

a Certificate of Merit, and that attorney failed to follow any of

Mann's wishes, and that attorney failed to follow standard protocols

of getting a client on the phone to discuss the case.  By failing

to get Mann on the phone, James Navarre of Mossing & Navarre showed

that there was very little interest in assisting Mann.  But for

the procurement of an attorney for Mann by Judge Joan Lefkow, Mann

would not have been able to have the necessary time to attempt to

gain a Certificate of Merit on his own.

3.  Judge Lefkow submitted an order stating that Mann had not attempted

to gain counsel on his own, nor had he gotten the COM, and therefore

was going to  have the case dismissed without prejudice.

4.  Mann gained a COM, on his own, without the assistance of an

attorney.

1

5. Mann submitted the COM with a Rule 50(b)(2) Motion to this Honorable Court.

6. Judge Joan Lefkow did, in fact, ORDER the government to respond by 10/13/2015. The date of this filing is 10/16/2015, and as per the MAILBOX RULE. The Seventh Circuit decided that "all of the concerns animating the Supreme Court's decision in Houston and the Supreme Court of Wisconsin's decision in Nichols apply with equal force to pro se p½risoner filings not submect to a time requirement." "A pro se prisoner's unique litigation disadvantages do not disappear when filing deadlines are eliminated," the court said. If the **mailbox rule** did not apply, prisoners whose pro se state motions were unfiled due to honest oversights in prison mail systems would be precluded from filing federal habeas petitions unless they could establish a basis for equitable tolling, the court observed. Ray v. Clements, 7th Cir., No. 11-3228, 11/19/12. "We agree with the majority of our sister circuits and hold that the mailbox rule applies to a state pro se prisoner's post-conviction filings unless the state where the prisoner was convicted has clearly rejected the rule," the Seventh Circuit announced in an opinion by Judge Ann Claire Williams. Id.

7. The Seventh Circuit agreed with the Eleventh Circuit that the diligence requirement does not make sense in light of the rationale for the mailbox rule. "If prison officials are dead set on preventing a prisoner from filing court documents, they probably will interfere with the prisoner's ability to diligently follow up on previously sent but not received filings, and if they are completely incompetent the petitioner's follow-up mail will also likely not be delivered," the court reasoned.

2

8. Mann placed this in the mail on 10/16/2015. The corrections officer on duty who handled the mail then put the mail in a burlap bag and it was sent down to the mailroom at FCI Allenwood. The prison officials are not receptive to Mann at all. As this Court can imagine, because of Mann's ability to write compelling arguments which can (and do) stay "alive" in court, the staff at FCI Allenwood, specifically Mail Room Supervisor, Mr. Krebs, will, more likely than not, see to it personally that Mann's mail is not in this Court in a timely manner, if at all.

9. Therefore, this motion should be construed as being in the Court on 10/16/2015, which is prior to any document from this court being in possession of Mann regarding any RESPONSE by the government.

If the government wishes to file this rapidly, and assure Mann had a copy, they would have filed it electronically and had a copy hand delivered to Mann by the Legal Department at FCI Allenwood. The government has done this before, in this case, while Mann was at FCI Milan. Perhaps this Honorable Court can take that into consideration when making a decision.

10. This means that any filing after 12:01am on 10/13/2015 should be disallowed because it was not submitted to Mann electronically with a request for the Legal Department to hand deliver it to Mann. The defendants failed to have their RESPONSE in to the Court in a timely manner, and therefore, should be subject to judgment against them, and in favor of Plaintiff Jack Mann.

WHEREFORE, Plaintiff Jack Mann pryas that this honorable court will GRANT the following relief:

A. GRANT Mann the fact that any filing by the defendant will be dis-allowed after 12:01am on 10/13/2015 that was not filed electronically

3

and was not hand delivered to Mann by Legal Staff (or any staff) at FCI Allenwood be DENIED or DIS-ALLOWED; or in the alternative,

B.  GRANT Mann's Motion that the entire case be given judgment in his favor due to the inability of the government to respond to the ORDER of the court subject to the Rule 60(b)(2) inclusive of the Certificate of Merit; or in the alternative,

C.  GRANT Mann's Motion that judgment be ordered in his favor, and set up a hearing for damages to be paid by the government in this case at bar; or in the alternative,

D.  GRANT Mann any such other and further relief as this Court deems just and proper.

Date: 10/14/2015

Jack Mann, 22865-424
FCI ALLENWOOD/PO BOX 2000
WHITE DEER, PA  17887

CERTIFICATE OF SERVICE

I, Jack Mann, hereby swear under penalty of perjury that on the date below this MOTION was submitted to this Honorable Court by placing it in the hands of a corrections officer in Unit 2A at FCI Allenwood between the hours of 3:30pm and 10:00pm. Whether this court of Mann know the name of the officer at this jucture is irrelevant as there will be records with the Bureau of Prisons, FCI Allenwood proving who actually took possession of the item.  The Motion is for judgment in the case due to the failed response by the government. Mann is in Unit 2A at FCI Allenwood.  The date below is the date that this was handed in to a corrections officer for placement into the USPS and mailing to 219 S. Dearborn, Chicago, IL 60604. Mann believes there are ways in which the Mail Room at FCI Allenwood could make his motions dis-appear as a result of the staff at FCI Allenwood becoming aware of Mann's First Amendment Rights claim against the BOP as well as the SOE of Allenwood.  This claim is against the SOE of Milan (FCI Milan) and SOE of Allenwood (FCI Allenwood) jointly due to constitutional violations.  The staff of FCI Allenwood is aware of the suit, and is doing almost anything they can without violating the Program Statement/Code of Conduct to place Mann in the Special Housing Unit (SHU).  This is why this Motion may never make it to Judge Joan Lefkow.

Date: 10/16/2015

Jack Mann, Pro-se

4